

**FILED**
1/21/2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CLYDE E. WARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-105 (UNA) |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF VETERANS AFFAIRS *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff is a resident of Toledo, Ohio, who has sued the U.S. Department of Veterans Affairs and Secretary Robert L. Wilkie, in his official capacity. The complaint challenges decisions rendered by the U.S. Board of Veterans Appeals and the U.S. Court of Appeals for

Veterans Claims concerning plaintiff's medical benefits. Compl. Sec. III (Statement of Claim). Plaintiff "want[s]" this "Court to provide an adequate remedy within a venue providing a fundamentally fair and unbiased adjudication of my claim[.]" Compl. at 6. In addition to injunctive relief, plaintiff seeks money damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). *See id.*, Sec. II (Basis for Jurisdiction).

Decisions "affecting the provision of veterans' benefits" are generally the exclusive province of the Court of Veterans Appeals and the United States Court of Appeals for the Federal Circuit. *Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000) (per curiam) (citing 38 U.S.C. § 511(a)); *accord Hunt v. U.S. Dep't of Veterans Affairs*, 739 F.3d 706, 707 (D.C. Cir. 2014) (per curiam); *Thomas v. Principi*, 394 F.3d 970, 975 (D.C. Cir. 2005). "Benefit means any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors." 38 C.F.R. § 20.3(e).

Since plaintiff is seeking "the VA's action . . . with respect to a veterans' benefits matter," the Court lacks subject matter jurisdiction over his claim for injunctive relief. *Price*, 228 F.3d at 421 (citing 38 U.S.C. § 511(a)); *see also id*. at 422 ("[C]ourts have consistently held that a federal district court may not entertain constitutional or statutory claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction.") (citing cases); *Thomas*, 394 F.3d at 975 ("Because adjudicating . . . allegations [of] failure to render appropriate medical services and denial of . . . necessary medical care treatment would require the district court to determine first whether the VA acted properly in providing . . . benefits, [such] claims are barred by section 511.") (internal quotation marks and omitted)); *Verner v. U.S. Gov't*, 804 F. Supp. 381, 385 (D.D.C. 1992) (concluding that the "Court is clearly barred by § 511(a) from issuing" a

preliminary injunction to compel veteran's medical treatment).  District courts, such as this, also lack jurisdiction to review another court's decisions and order it to take any action.  *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *accord Atchison v. U.S. Dist. Courts*, 240 F. Supp. 3d 121, 126, n.6  (D.D.C. 2017) ("It is a well-established principle that a district court can neither review the decisions of its sister court nor compel it to act.").

With respect to plaintiff's claim for damages, 38 U.S.C. § 511(a) is not a jurisdictional bar to a claim that does not entail the review of a benefits decision.  *Blue Water Navy Vietnam Veterans Ass'n, Inc. v. McDonald*, 830 F.3d 570, 576 (D.C. Cir. 2016).  But Congress has not waived the  United States' immunity from suit under *Bivens*, *see FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994), which includes Secretary Wilkie.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity").  Therefore, this case will be dismissed.  A separate Order accompanies this Memorandum Opinion.

Date: January 21, 2021

_____s/_____
TANYA S. CHUTKAN
United States District Judge